**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4952**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY LEE DELK,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Jerome B. Friedman,
District Judge. (CR-03-143)

---

Submitted:  April 20, 2005                Decided:  May 26, 2005

---

Before LUTTIG, GREGORY, and SHEDD, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Keith Loren Kimball, COLGAN, KIMBALL & CARNES, Virginia Beach,
Virginia, for Appellant. Paul J. McNulty, United States Attorney,
Michael J. Elston, Assistant United States Attorney, Fernando
Groene, Assistant United States Attorney, Newport News, Virginia,
for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jerry Lee Delk appeals his sentence of twenty-seven months of imprisonment after his guilty plea to one count of distribution of .17 grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 1999 & Supp. 2004).

Delk first argues that his sentence is unconstitutional based upon the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). Delk asserts that he could only be held responsible for the quantity of cocaine base specified in the indictment, rather than the greater quantity attributed to him as relevant conduct in the presentence report. The district court overruled Delk's Blakely objection and applied the guidelines in accordance with this court's direction in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005). The district court did not, however, specify an alternative sentence as suggested in Hammoud.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied Blakely's rationale to the federal sentencing guidelines. After severing two provisions of the Sentencing Reform Act (18 U.S.C. § 3553(b)(1), requiring sentencing courts to impose a sentence within the guideline range, and 18 U.S.C. § 3742(e), setting forth standards of review on appeal), the Court held that the guidelines remain as advisory only. Sentencing courts are now

- 2 -

required to consider the applicable guideline range, but may "tailor the sentence in light of other statutory concerns . . . ." Booker, 125 S. Ct. at 757. In this case, as in Booker, Delk's sentence was determined by application of the guidelines as a mandatory determinant in sentencing. It is impossible to determine on the present record whether the district court would have chosen to sentence Delk to the same or a lesser term of imprisonment in the exercise of its discretion if the guidelines were merely advisory.

Delk also asserts that his sentence is illegal because the provision of § 3E1.1(b) of the guidelines that requires a Government motion for a defendant to receive an additional offense level reduction for acceptance of responsibility violates the separation of powers doctrine. We find this argument to be without merit. Mistretta v. United States, 488 U.S. 361, 380-85, 412 (1989).

We therefore vacate the sentence imposed by the district court and remand for reconsideration of the sentence in accordance with Booker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

- 3 -