**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

IGNACIO MEDINA-BELTRAN,
*Defendant-Appellant.*

No. 06-10181

D.C. No.
CR-05-00796-DCB

OPINION

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted
August 15, 2008—San Francisco, California

Filed September 5, 2008

Before: Eugene E. Siler, Jr.,* M. Margaret McKeown and
Consuelo M. Callahan, Circuit Judges.

Per Curiam Opinion

---

*The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge
for the Sixth Circuit, sitting by designation.

12367

## COUNSEL

Jon M. Sands, Federal Public Defender, Saul M. Huerta, Assistant Federal Public Defender, Tucson, Arizona, for the appellant.

Paul K. Charlton, United States Attorney for the District of Arizona, Christina Cabanillas, Appellate Chief, George Ferko, Assistant United States Attorney, Tucson, Arizona, for the appellee.

## OPINION

PER CURIAM:

Ignacio Medina-Beltran ("Medina-Beltran") appeals the sentence imposed following his guilty plea to illegal re-entry after deportation in violation of 8 U.S.C. § 1326. We reject his various challenges to his sentence and affirm.

[1] Medina-Beltran disputes the district court's refusal to grant him a third-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).[1] We have previously recog-

---

[1]We review for clear error a district court's decision to reduce a defendant's sentence for acceptance of responsibility, but review de novo

nized that "the government has been vested with broad discretion to determine when the [§ 3E1.1(b)] adjustment is appropriate." *United States v. Espinoza-Cano*, 456 F.3d 1126, 1137-38 (9th Cir. 2006); *see also United States v. Moreno-Trevino*, 432 F.3d 1181, 1186 (10th Cir. 2005) (stating that § 3E1.1(b) confers on the government "a power, not a duty") (quoting *Wade v. United States*, 504 U.S. 181, 185 (1992)). Nonetheless, the government cannot refuse to file a motion for the reduction on the basis of an unconstitutional motive or arbitrarily, i.e., for reasons not rationally related to any legitimate governmental interest. *Espinoza-Cano*, 456 F.3d at 1136. Medina argues only that the prosecutor acted arbitrarily in refusing to move for the additional reduction.

**[2]** Although Medina-Beltran pled guilty and avoided a trial on the substantive offense, he objected to his sentencing enhancement and rejected the government's proposed appeal waiver. The government anticipated and defended his appeal of his sentence. Under these circumstances, the government's decision not to move for the additional level reduction was not arbitrary. *See United States v. Newson*, 515 F.3d 374, 378-79 (5th Cir. 2008) (concluding that the government's failure to move for reduction was not arbitrary where the defendant refused the appellate waiver provision in a proposed plea agreement).

**[3]** In the alternative, Medina argues that the Feeney Amendment violates the separation of powers principle by shifting from the judiciary to the executive branch the power to decide whether an additional level reduction is appropriate. This amendment, which is part of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today (PROTECT) Act of 2003, Pub. L. No. 108-21, § 401(g), 117

whether it misapprehended the law with respect to acceptance of responsibility. *United States v. Espinoza-Cano*, 456 F.3d 1126, 1130 (9th Cir. 2006) (citation omitted).

Stat. 650, 671-72 (2003), requires the government to make a motion in order for the defendant to receive the additional offense-level decrease under U.S.S.G. § 3E1.1(b). We agree with our sister circuits who have considered this identical challenge; the Feeney Amendment does not usurp judicial power by shifting this sentencing responsibility to the executive branch, and does not violate the separation of powers. *See, e.g., Newson*, 515 F.3d at 376; *United States v. Delk*, 132 F. App'x. 448, 449 (4th Cir. 2005) (unpublished).

**[4]** The Supreme Court has recognized that federal sentencing "never has been thought to be assigned by the Constitution to the exclusive jurisdiction of any one of the three Branches of Government." *United States v. Mistretta*, 488 U.S. 361, 364 (1989). In evaluating a similar separation of powers argument with respect to substantial assistance motions under U.S.S.G. § 5K1.1, we observed that the sentencing process "is not inherently judicial, and that, even if it were, the government's authority to recommend a reduced sentence [i]s not impermissibly obtrusive." *United States v. Ayarza*, 874 F.2d 647, 653 (9th Cir. 1987) (quoting *United States v. Severich*, 676 F. Supp. 1209, 1212-13 (S.D. Fla. 1988), *aff'd*, 872 F.2d 434 (11th Cir. 1989)).

**[5]** We are not persuaded by Medina-Beltran's procedural challenges. The record reflects that the court reviewed his sentencing memorandum, in which Medina-Beltran discussed application of the 18 U.S.C. § 3553(a) factors, and considered his arguments in favor of a lesser sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Although brief, the court's explanation of the sentence, which was at the low end of the Guidelines range, was sufficient. *See id.*

**[6]** Medina-Beltran finally argues that the 46-month sentence was substantively unreasonable. A "correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." *Id.* at 988. There is "nothing unusual about

[Medina-Beltran]'s circumstances to compel a lower sentence than the low-end of the Guidelines range." *See id.* at 996.

**AFFIRMED**.