**576**

UNITED STATES of America,
Plaintiff—Appellee,

v.

Ruben BAZA–MARTINEZ,
Defendant—Appellant.

No. 07–10438.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2009.*

Filed April 23, 2009.

Christina Marie Cabanillas, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Micaela Portillo, Esquire, Assistant Federal Public Defender, FPDAZ–Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Ruben Baza–Martinez appeals from the 63–month sentence imposed, upon remand, following his guilty-plea conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Baza–Martinez contends that, at resentencing, the district court should not have evaluated whether his prior conviction qualified as a crime of violence under the Guidelines because we had already decided that issue. This contention fails. *See United States v. Garcia–Beltran,* 443 F.3d 1126, 1129–31 (9th Cir.2006).

Baza–Martinez also contends that the district court erred by allowing the government to present new evidence at resentencing. This contention fails. *See United States v. Matthews,* 278 F.3d 880, 885–89 (9th Cir.2002) (en banc).

Baza–Martinez next contends that the new evidence presented at resentencing did not clearly and unequivocally establish that his prior conviction was based on qualifying conduct. We disagree. *See United States v. Smith,* 390 F.3d 661, 664–66 (9th Cir.2004).

Finally, Baza–Martinez contends that the district court erred by denying his request for a third point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). We conclude that this contention fails under *United States v. Medina–Beltran,* 542 F.3d 729, 731 (9th Cir.2008).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.