*621 MEMORANDUM *
Ramon Martinez-Diaz and Samuel Contreras-Bracamonte (collectively “Appellants”) appeal their thirty-six month sentences, imposed following their guilty pleas to possession with intent to distribute marijuana and conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(B)(vii). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.
The district court did not err in finding that Appellants were responsible for the entire quantity of marijuana found in the trailer.[1] See United States v. Cabaccang, 481 F.3d 1176, 1182 (9th Cir.) (reviewing the district court’s factual findings for clear error), cert. denied, 552 U.S. 905, 128 S.Ct. 240, 169 L.Ed.2d 178 (2007). Nor did the district court err by treating the guidelines as mandatory — in fact, the court imposed a sentence below the guideline range. See United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc) (“A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system.”). The district court properly based its drug quantity finding on the factual basis for the pleas presented by the government at the change of plea hearing and on testimony presented at the sentencing hearing. Even if the district court had violated the Sixth Amendment in making its drug quantity finding, Appellants would not be entitled to relief because their sentences did not exceed the statutory maximum sentence authorized by their guilty pleas to an unspecified amount of marijuana.[2] See United States v. Saya, 247 F.3d 929, 942 (9th Cir.2001) (“We have held repeatedly that a defendant cannot obtain relief under Apprendi[ v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ] when his sentence does not exceed the statutory maximum authorized by the jury’s verdict, even if the district court determined the drug amount by a preponderance of the evidence, instead of having the jury determine the amount beyond a reasonable doubt.”).
Contrary to Appellants’ contention, the district court did not violate United States v. Banuelos, 322 F.3d 700 (9th Cir.2003). Consistent with Banuelos, the district court proceeded on the assumption that it needed to find the drug quantity attributable to Appellants beyond a reasonable doubt, and it found that their responsibility for the entire quantity of marijuana was reasonably foreseeable to them. See id. at 704 (explaining the “well-settled” rule that, in sentencing a defendant convicted of conspiracy to distribute a controlled substance, the sentencing court “must find the quantity of drugs that either (1) fell within the scope of the defendant’s agreement with his coconspirators or (2) was reasonably foreseeable to the defendant”).
The district court did not err in rejecting Appellants’ argument that the government should have moved for the additional one-level reduction under U.S. Sentencing Guidelines Manual § 3E1.1(b). See United States v. Medina-Beltran, 542 F.3d 729, 731 (9th Cir.2008) (per curiam) *622 (holding that the government’s decision not to move for the additional offense level reduction in § 3E1.1(b) was not arbitrary where the defendant “pled guilty and avoided a trial on the substantive offense,” but he “objected to his sentencing enhancement and rejected the government’s proposed appeal waiver”). “ ‘[T]he government has been vested with broad discretion to determine when the [§ 3E1.1(b) ] adjustment is appropriate.’ ” Id. (quoting United States v. Espinoza-Cano, 456 F.3d 1126, 1137-38 (9th Cm. 2006)) (second alteration in original). Moreover, Appellants have failed to “present objective evidence of an improper motive on the part of the government” in declining to move for the additional offense level reduction. Espinoza-Cano, 456 F.3d at 1138.
The judgments and sentences are AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

. We also reject Appellants' argument regarding unwarranted sentencing disparities. Not only have Appellants failed to present any evidence regarding so-called “backpacker'' sentences, but the record contradicts their contention that they were mere “backpackers.”