**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ricardo Jose CONTRERAS, aka Ricardo Contreras–Jose,**
**Defendant—Appellant.**

**No. 08–10451.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 21, 2009.

Angela Walker Woolridge, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Raul A. Miranda, Miranda Law Office, Tucson, AZ, for Defendant–Appellant.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

---

MEMORANDUM **

Ricardo Jose Contreras appeals from the 63–month sentence imposed following his guilty-plea conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Contreras contends that the district court procedurally erred by relying too heavily on the advisory Guidelines' range and by failing to properly consider the 18 U.S.C. § 3553(a) sentencing factors. He also contends that his sentence is substantively unreasonable. The district court did not procedurally err and the sentence imposed is reasonable in light of the totality of the circumstances and the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir.2008) (en banc); *see also United States v. Dallman,* 533 F.3d 755, 761–62 (9th Cir.2008).

Contreras also contends that the district court erred when it imposed a 16–level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii), for being previously convicted of an alien smuggling offense because his prior conviction for transporting illegal aliens for profit, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), does not constitute an "alien smuggling offense" as defined by the Sentencing Guidelines. This contention is foreclosed by *United States v. Guzman–Mata,* 579 F.3d 1065, 1070–74 (9th Cir.2009).

Finally, Contreras contends that the district court erred by not awarding him an additional point for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b), because the government arbitrarily withheld its motion for the adjustment. The district court did not err because the govern-

---

ment's choice not to file the motion was not arbitrary. *See United States v. Medina–Beltran,* 542 F.3d 729, 731 (9th Cir. 2008) (per curiam).

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.