**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10413 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-00033-RCC |
| v. | |
| ADRIAN CHAVEZ-SILVA, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Adrian Chavez-Silva appeals from the 84-month sentence imposed

following his guilty-plea conviction for illegal reentry after deportation, in

violation of 8 U.S.C. § 1326(a).  We have jurisdiction pursuant to 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

AK/Research

§ 1291, and we affirm.

Chavez-Silva contends that the district court erred by not granting a third-point reduction for acceptance of responsibility because the government's refusal to move for the reduction was arbitrary and not rationally related to a legitimate government end. This court has held that the government's decision not to move for the additional level reduction is not arbitrary if the government is forced to anticipate and defend the appeal of a sentence. *See United States v. Medina-Beltran*, 542 F.3d 729, 731 (9th Cir. 2008) (per curiam).

Chavez-Silva also contends that the sentence is unreasonable because the district court declined to grant a downward departure for imperfect duress and failed to consider the 18 U.S.C. § 3553(a) sentencing factors. The record as a whole reflects that the district court adequately considered Chavez-Silva's arguments in support of his request for a departure and/or a variance, but found the circumstances insufficient to justify a sentence below the advisory Guidelines range. The district court did not procedurally err and the sentence is substantively reasonable under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *see also United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**