**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10127 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-01219-DSD |
| v. | |
| TEODORO PENA-SEGURA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David S. Doty, District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Teodoro Pena-Segura appeals from the 51-month sentence imposed

following his guilty-plea conviction for illegal re-entry after deportation, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Pena-Segura contends that the district court procedurally erred at sentencing by failing to consider evidence that supported a downward departure on the basis of his family circumstances, and that the sentence is substantively unreasonable. A review of record demonstrates that the district court did not procedurally err and the sentence is substantively reasonable in light of the factors set forth in 18 U.S.C. § 3553(a) and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007).

Nor is the Eighth Amendment implicated by the sentence. *See United States v. Meiners*, 485 F.3d 1211, 1213 (9th Cir. 2007) ("[F]ederal courts should be reluctant to review legislatively mandated terms of imprisonment, and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare.") (internal quotation marks omitted).

Pena-Segura also contends that the Government acted arbitrarily by declining to request an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b) because Pena-Segura did not accept a plea offer. This contention lacks merit. *See United States v. Medina-Beltran*, 542 F.3d 729, 731 (9th Cir. 2008) (per curiam), *cert. denied* 130 S. Ct. 168 (2009).

09-10127

Pena-Segura further contends that his counsel provided ineffective assistance. We decline to review Pena-Segura's ineffective assistance of counsel claim on direct appeal. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003).

**AFFIRMED.**