**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30176 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00430-MO-1 |
| v. | District of Oregon, |
| | Portland |
| STEVEN EDWARD MILLER, | **ORDER** |
| Defendant - Appellant. | |

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

The memorandum disposition filed on February 25, 2010, is hereby amended. The amended memorandum is attached hereto. With this amendment, the panel has unanimously voted to deny the petition for rehearing. Judges Berzon and Nelson have voted to deny the suggestion for rehearing en banc, and Judge Farris so recommends.

The full court has been advised of the suggestion for rehearing en banc, and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED. No further petitions for rehearing or rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiffs - Appellee, v. STEVEN EDWARD MILLER, Defendant - Appellant. | No. 09-30176 D.C. No. Cr 07-430-MWM AMENDED MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted December 8, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Between August 2004 and November 2006, the defendant Steven Miller engaged in a complex scheme to defraud Cisco Systems, Inc. Miller pled guilty to one count of mail fraud and one count of money laundering without a plea agreement, and did not plead guilty to ten other counts.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We review a district court's methodology for calculating loss under the Sentencing Guidelines de novo. *United States v. Hardy*, 289 F.3d 608, 613 (9th Cir. 2002). We look to the fair market value of the property and in particular the value "at which th[e] victim offered the goods for sale." *Id.* (internal quotation omitted). This valuation method requires us to look at the market that the victim participated in. Cisco does not participate and compete in the gray market. It does not sell replacement parts and it does not do direct sales through the internet. Cisco's market is solely authorized distributors and large direct buyers, and Cisco's product is inclusive of the warranty and service. Cisco provides replacement parts as part of its warranty instead of selling them. The district court's loss calculation was therefore proper.

We review for clear error a district court's refusal (after the government declines to move for the extra reduction) to grant an additional one-level downward adjustment for acceptance of responsibility. *United States v. Johnson*, 581 F.3d 994, 1001 (9th Cir. 2009). The government has discretion on whether to move for the extra reduction so long as its refusal is not arbitrary or motivated by an unconstitutional factor. *Id.* We have conclusively determined that a defendant who fails to waive her right to appeal justifies the failure to request the reduction. *Id.* at 1002; *see also United States v. Medina-Beltran*, 542 F.3d 729, 731 (9th Cir.

2

2008).  Here, although Miller pleaded guilty to two counts of the indictment and avoided a trial on the substantive offenses, he preserved his right to object to the government's loss figure and failed to waive his right to appeal any sentencing-related issues, even after the plea agreement had fallen apart.[1]  Thus, the district court did not err.

*United States v. Watt*, 910 F.2d 587 (9th Cir. 1990), is inapplicable.  It applied to the two-level acceptance of responsibility reduction that is mandatory if the defendant enters a timely guilty plea.  The decision here is discretionary and the government can properly ask for various conditions that ease its resource burdens in exchange for the additional one-point reduction.  *See Johnson*, 581 F.3d at 1006-07.

We review a district court's sentencing decisions under the abuse of discretion standard.  *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).  The district court offered a sufficient explanation for giving a sentence that was higher than similar defendants who had committed fraud against Cisco.  *See United States v. Gordon*, 393 F.3d 1044 (9th Cir. 2004).  The other defendants had no criminal history whereas Miller had a criminal history level of three.  This was

---

[1]Even after the government dropped the loss figure to $3,713,107, Miller continued to contest it, rather than offering at that juncture to agree to the loss figure in return for a motion under § 3E1.1(b).

3

sufficient to justify the sentence.

AFFIRMED.