FILED

CORRECTED March 8, 2012 +,++

MAR 05 2012

NOT FOR PUBLICATION

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50300 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00604-MMA-1 |
| v. | |
| JULIO HERNANDEZ JIMENEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted February 14, 2012
Pasadena, California

Before: PREGERSON and BEA, Circuit Judges, and PRATT, District Judge.[**] +

Julio Jimenez appeals the district court's imposition of a twenty-month

custodial sentence for his conviction of being a deported alien in the United States

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Robert W. Pratt, District Judge for the U.S. District Court for Southern Iowa, sitting by designation.

in violation of 8 U.S.C. § 1326. The parties are familiar with the facts underlying the appeal and thus we do not include them here.

Jimenez challenges his sentence of twenty months in custody for a conviction of being a deported alien found in the United States. He pleaded guilty unconditionally, and received a two-level sentencing reduction under United States Sentencing Guidelines (USSG) § 3E1.1(a). Jimenez argues on appeal that the government was required to move for a third one-level sentencing reduction under USSG § 3E1.1(b), because Jimenez's failure to waive his right to appeal his sentence was an illegitimate and therefore arbitrary basis to refuse to move for the additional reduction. This argument is foreclosed by *United States v. Medina-Beltran*, 542 F.3d 729, 731 (9th Cir. 2008), and *United States v. Johnson* 581 F.3d 994, 1002 (9th Cir. 2009).

**AFFIRMED.**

*United States v. Jimenez*, No. 11-50300

*Pratt, District Judge, Concurring++*

I concur that, under *United States v. Medina-Beltran*, 542 F.3d 729, 731 (9th Cir. 2008), the government's decision not to move for an additional one-level sentence reduction pursuant to United States Sentencing Guidelines § 3E1.1(b) because Jiminez did not waive his right to appeal his sentence, was not arbitrary. I write separately to voice my disagreement with the discretion afforded to the government in deciding whether to move for an additional one-level sentence reduction under § 3E1.1(b) by this Court's decisions in *Medina-Beltran*, *United States v. Johnson*, 581 F.3d 994, 1002–07 (9th Cir. 2009) and *United States v. Espinoza-Cano*, 456 F.3d 1126, 1135–1137 (9th Cir. 2006).

A defendant who clearly demonstrates acceptance of responsibility for the offense and who, prior to any reduction for such acceptance, has an offense level of sixteen or greater, is eligible for a one-level reduction "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S.S.G. § 3E1.1(b). This Court has determined that the government may withhold filing a motion for a one-level reduction under § 3E1.1 when a defendant refuses to waive his right to appeal his sentence because "[w]hen § 3E1.1(b) speaks of conserving government resources in the 'prosecution' of the defendant's 'misconduct,' it means more than simply trial preparation. 'Prosecution' is commonly understood to encompass the entirety of the criminal proceedings in a particular case until judgment is final and certain." *Johnson*, 581 F.3d at 1002. With due respect to the previous panels who have interpreted § 3E1.1(b) in this manner, I do not read § 3E1.1(b) so broadly.

Instead, I find that the plain language of § 3E1.1(b), as well as the relevant application notes, indicate that the guideline is concerned with the efficient allocation of trial—not appellate—resources. Specifically, the guideline requires that the government state in its motion that the defendant "assisted authorities in the investigation or prosecution of his own misconduct *by* timely notifying authorities of his intention to enter a plea of guilty." (emphasis added). While there are numerous ways in which a defendant might aid in the investigation or prosecution of his own misconduct, pleading guilty in a timely manner is the only action contemplated by the guideline that would warrant a one-level reduction. Stated otherwise, entry of a timely guilty plea is the only action required of a defendant to qualify for a one-level reduction. *See United States v. Divens*, 650 F.3d 343, 348 (4th Cir. 2011) ("Certainly, 'timely' entry of a 'plea of guilty' does not require the execution of an appellate waiver; rather it entails only an unqualified 'confession of guilt in open court.'" (quoting *Black's Law Dictionary* 1152 (6th ed. 1990)); *see also Johnson*, 581 F.3d at 1008 (Smith, J., concurring) ("[T]he section contemplates that the means by which the defendant both saves trial preparation and permits efficient resource allocation, is through a timely guilty plea.").

Furthermore, while the guideline does require that a defendant's plea permit "the government and court to allocate their resources efficiently," this clause is relevant to the timeliness of the plea, not to whether the plea contains an appellate waiver. U.S.S.G. § 3E1.1(b). First, this phrase is immediately preceded by the text, "thereby permitting the government to avoid preparing for trial." *Id.* Second, had Congress been concerned with appellate resources, it would not have limited its concern to the resources of a singular "court," but instead would have referred to the ability of "courts" to efficiently allocate their resources. *See Divens*, 650 F.3d at 348 ("Had Congress also intended to conserve appellate court resources, it would have referred

-2-

to 'courts,' not 'the court.'").

Finally, the relevant application notes, which are binding on courts' guideline interpretations, offer further support that § 3E1.1(b) only addresses the allocation of trial resources. *See United States v. Sarbia*, 637 F.3d 1079, 1084 (9th Cir. 2004) ("[A]pplication notes are binding on the courts in their construction of the Sentencing Guidelines."). Specifically, the notes explains that to qualify for a reduction under § 3E1.1(b), the defendant must "have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparation *for trial* and the court may schedule its calendar efficiently." U.S.S.G. § 3E1.1(b) cmt. (n.6) (emphasis added). While the text of the guideline uses the ambiguous term "prosecution," the specific reference to trial preparation and the absence of any mention of the appeal process in these notes indicates that a defendant's plea must only permit the government to avoid allocating resources for trial preparation.

This Court has previously noted that the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, § 401(g), 117 Stat. 650, 671–72 (2003), altered § 3B1.1(b) by making 'the third level reduction subject to the discretion of the government, rather than mandatory, upon a timely plea of guilty.'" *Johnson*, 581 F.3d at 105–06 (quoting *Espinoza-Cano*, 456 F.3d at 1137). While the PROTECT Act did transfer discretion from the trial court to the government by requiring a government motion as a prerequisite for granting a one-level reduction under § 3E1.1(b), I do not agree that it authorized the government to exercise this discretion for reasons unrelated to the timeliness of a plea. Instead, the purpose for the transfer of this discretion was simply to

-3-

recognize that the government is best situated to determine whether a plea is sufficiently timely to avoid trial preparations. *See* U.S.S.G. § 3E1.1(b), cmt. (n.6) ("Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing.")

I do not dispute that the government has a legitimate interest in efficiently allocating the resources used in defending appeals. I simply do not believe that this legitimate governmental interest is within the discretion afforded the government in determining whether to move for a one-level reduction under § 3E1.1(b). Thus, were I writing on a blank slate, I would hold that the government acted arbitrarily by not moving for a one-level reduction under § 3E1.1 because Jiminez refused to waive his right to appeal his sentence.