**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10070 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00921-DCB-JCG-1 |
| v. | |
| JOSE MAGANA, AKA Jose A. Magana, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted February 16, 2012
San Francisco, California

Before: B. FLETCHER, NOONAN, and PAEZ, Circuit Judges.

Jose Magana appeals his 46-month sentence, imposed after Magana pled

guilty, without an agreement, to illegal reentry in violation of 8 U.S.C. § 1326. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

First, Magana contends that the district court erred when it calculated the applicable Sentencing Guidelines range. In particular, he argues that the district court incorrectly determined that his prior conviction for attempted sexual abuse in the first degree, in violation of New York Penal Law § 130.65 (2008),[1] was a forcible sex offense and therefore was a crime of violence subject to a sixteen-level increase. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii).

We review the district court's interpretation of the Guidelines de novo, its factual determinations for clear error, and its application of the Guidelines for abuse of discretion. *United States v. Rising Sun*, 522 F.3d 989, 993 (9th Cir. 2008). "The Guidelines, including enhancements, are ordinarily applied in light of available commentary, including application notes." *United States v. Staten*, 466

---

[1] At the time of Magana's offense, New York defined sexual abuse in the first degree as follows:

> A person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact:
> 1.     By forcible compulsion; or
> 2.     When the other person is incapable of consent by reason of being physically helpless; or
> 3.     When the other person is less than eleven years old.

N.Y. Penal Law § 130.65 (2008). Effective November 1, 2011, New York amended § 130.65 to add a fourth means of committing sexual abuse in the first degree: "When the other person is less than thirteen years old and the actor is twenty-one years old or older." 2011 N.Y. Sess. Laws ch. 26 § 1 (McKinney).

2

F.3d 708, 715 (9th Cir. 2006) (citing *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

The district court granted the Government's motion to take judicial notice of Magana's prior conviction for attempted sexual abuse in the first degree. According to the felony complaint and the information from which Magana pled guilty, Magana helped move and undress an unconscious eighteen-year-old female acquaintance, and then a co-defendant committed sexual assault by engaging in mouth-to-breast contact on the unconscious woman. Magana was eighteen years old at the time of the offense and also inebriated. He was sentenced to a year in prison, and later deported.

The Guidelines define a crime of violence to include "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)." § 2L1.2 cmt. n.1(B)(iii). Magana claims that this definition does not apply to a sex offense, like his, where the victim is unconscious. But an unconscious victim of sexual abuse cannot give consent to sexual contact. Applying the modified categorical approach, we agree with the district court that Magana's prior conviction constitutes a crime of violence under U.S.S.G. § 2L1.2. *See United States v. Espinoza-Morales*, 621 F.3d 1141, 1148–49 (9th Cir. 2010).

Second, Magana claims that the district court erred by refusing to order the government to move for a one-level reduction for his early acceptance of responsibility by entering a pre-trial guilty plea. Under U.S.S.G. § 3E1.1(b), the government may move for a one-point reduction in the offense level if the defendant timely notifies the authorities of his intention to plead, "thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." *See United States v. Espinoza-Cano*, 456 F.3d 1126, 1137 (9th Cir. 2006). We review de novo "whether the district court misapprehended the law with respect to the acceptance of responsibility reduction." *United States v. Cortes*, 299 F.3d 1030, 1037 (9th Cir. 2002).

At sentencing, the assistant United States attorney informed Magana and the district court that the Government would not move for a one-level reduction because Magana had not waived his right to appeal when he pled guilty. Magana, citing cases from the Second and Fourth Circuits, argues that the Government's motive for withholding the motion was arbitrary and unrelated to the objective in the Guidelines to conserve trial resources. But the Government's refusal to move for the one-level reduction is permitted under our case law. *See United States v.*

*Johnson*, 581 F.3d 994, 1002–03 (9th Cir. 2009); *United States v. Medina-Beltran*, 542 F.3d 729, 731 (9th Cir. 2008) (per curiam).

Third, Magana argues that the enhancement provision of § 2L1.2 is not empirically supported and impermissibly double-counts a prior conviction. But under *Kimbrough v. United States*, 552 U.S. 85, 108 (2007), the district court is not required to reject non-empirically-grounded Guidelines. Further, § 2L1.2 does not impermissibly double-count a prior conviction. *See United States v. Garcia-Cardenas*, 555 F.3d 1049, 1050 (9th Cir. 2009) (per curiam).

Fourth, Magana argues that the district court erred by relying on his prior conviction to reject a departure or downward variance based on cultural assimilation. *See* § 2L1.2 cmt. n.8. Although most of the Guidelines factors favor Magana, the district court did not abuse its discretion by relying on the seriousness of Magana's prior conviction and his familial ties outside the United States to reject a downward departure or variance.

Fifith, Magana contends that the sentence imposed by the district court is substantively unreasonable. We disagree. Although a shorter sentence would have been reasonable, the district court did not abuse its discretion when sentencing Magana at the bottom of the correctly-calculated Guidelines range.

**AFFIRMED.**