FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10497 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00485-DCB-GEE-1 |
| v. | |
| DEE ANN HOMER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Ancer L. Haggerty, District Judge, Presiding

Submitted December 3, 2012**
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

Dee Ann Homer appeals from the district court's sentence following her

guilty plea to one count of possession of marijuana with intent to distribute, in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm. Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court properly considered Homer's August 2010 arrest for transporting 174 pounds of marijuana as "relevant conduct" under U.S.S.G. § 1B1.3(a)(2) in calculating Homer's base offense level. By introducing the Border Patrol "report of apprehension or seizure" from the August 2010 incident, which was corroborated by Homer's own statements in her presentence interview, the Government established the salient facts of the August 2010 incident by a preponderance of the evidence, *United States v. Newhoff*, 627 F.3d 1163, 1170 (9th Cir. 2010), as well as that incident's connection to the offense of conviction, *see* U.S.S.G. § 1B1.3(a)(2) (a prior offense qualifies as "relevant conduct" if it shares a single factor in common with the offense of conviction, such as a common purpose, similar *modus operandi*, or other factual similarity).

The report indicated that the two offenses occurred less than five months apart at the same highway checkpoint, Homer was the registered owner and driver of the car in both instances, and she was transporting a similar quantity of marijuana in her trunk. Moreover, Homer's presentence interview reveals that she

was transporting the marijuana for the same "friend" on both occasions, and had agreed to transport the second load to compensate for the seizure of the first.

Contrary to Homer's assertions, the district court's consideration of the August 2010 incident did not violate her constitutional rights, notwithstanding that she was never charged or convicted in connection with that incident. "Standing alone, [the sentencing court's] consideration of facts or circumstances beyond those found by a jury or admitted by the defendant does not violate the Sixth Amendment right to jury trial. A constitutional infirmity arises only when extra-verdict findings are made in a *mandatory* guidelines system," which we no longer have. *United States v. Ameline*, 409 F.3d 1073, 1077-78 (9th Cir. 2005) (en banc) (emphasis added).

## II

The government reasonably declined to move for the third-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) based on Homer's reservation of her right to appeal, and the district court was not required to apply that reduction *sua sponte*. *United States v. Johnson*, 581 F.3d 994, 1003-04 (9th Cir. 2009). Homer's contrary argument is foreclosed by this Court's decision in *United States v. Medina-Beltran*, 542 F.3d 729, 731 (9th Cir.2008), and "[i]t is settled law that one three-judge panel of this court cannot ordinarily reconsider or

3

overrule the decision of a prior panel." *Santamaria v. Horsley*, 110 F.3d 1352, 1355 (9th Cir. 1997). Because *Medina-Beltran* does not conflict with intervening Supreme Court precedent, Homer's arguments for overturning that decision fail.

## III

The district judge's statements at the sentencing hearing and in his written "Statement of Reasons" adequately explain the basis for his sentencing decision. Those statements demonstrate that the district judge considered the parties' evidence and arguments, *see Rita v. United States*, 551 U.S. 338, 358 (2007), and are sufficient to facilitate appellate review, *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008). Nothing more is required.

## IV

The district judge did not abuse his discretion by imposing a sentence of incarceration. The record reflects that the district judge considered the statutory sentencing factors in 18 U.S.C. § 3553(a), the Guidelines range, and the parties' arguments and submissions. "The statute says that a court must 'consider' the listed factors, not that it must reduce the sentence below the guidelines range if any mitigating factor is present." *United States v. Contreras-Hernandez*, 628 F.3d 1169, 1173 (9th Cir. 2011).

By "explicitly referenc[ing] the § 3553(a) factors, [Homer's] 'personal history and characteristics,' and 'the circumstances of this arrest' when making [his] sentencing determination,'" the district judge demonstrated that he had "'considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority,' which satisfies the requirements of our case law." *Id.* at 1174 (quoting *Rita*, 551 U.S. at 356).

**AFFIRMED.**